IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER MILLER** and **DEANA DINGEY**, on behalf of themselves and all other similarly situated individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> **SHEARER'S FOODS LLC**, <br><br> Defendant. | CASE NO. <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> **JURY DEMAND ENDORSED HEREON** |

Plaintiffs Christopher Miller and Deana Dingey, by and through counsel, for their Complaint against Shearer's Foods LLC ("Defendant"), and based on personal knowledge of their own conduct and upon information and belief as to the conduct and acts of others, state and allege the following:

## INTRODUCTION

1) This case challenges company-wide policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*; and concerns the underpayment of overtime to non-exempt, hourly employees.

2) Plaintiffs bring this case as an FLSA "collective action" on behalf of themselves and other similarly situated employees who may join this case pursuant to 29 U.S.C. § 216(b) (the "Opt-Ins").

3) Plaintiffs further bring this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA") on behalf of all similarly situated employees currently or previously employed by Defendant Ohio within the two (2) years preceding the filing of this Action.

1

4) Plaintiff Miller further brings an individual claim for violation of § 4111.14(G) and the Ohio Constitution, Ohio Const. art. II, § 34a.

## JURISDICTION AND VENUE

5) This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6) Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

7) The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

8) Plaintiffs are adult individuals residing in Stark County, Ohio.

9) At all relevant times, Plaintiffs and those similarly situated were employees within the meaning of the FLSA, the OMFWSA, and the Ohio Const. art. II, § 34a.

10) Defendant is an Ohio limited liability company that is registered to conduct business in Ohio. Defendant can be served through its Statutory Agent, National Registered Agents, Inc., at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

11) At all relevant times, Defendant conducted business in Stark and Wayne Counties of Ohio.

12) At all relevant times, Defendant was an employer within the meaning of the FLSA the OMFWSA, and the Ohio Const. art. II, § 34a.

13) At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14) At all relevant times, Plaintiffs and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

15) Plaintiffs' written consents to join this action are being filed pursuant to 29 U.S.C. § 216(b) and are attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

16) Defendant holds itself out as "a leading contract manufacturer and private label supplier for the snack industries in North America, Australia, Asia, Central and South America;" as having "eleven GFSI compliant state-of-the-art, geographically diverse production facilities operating in Ohio, Texas, Arkansas, Oregon, Virginia, Iowa, Minnesota, Arizona, Pennsylvania and Ontario, Canada including one of the industry's first platinum LEED® certified food manufacturing facilities in Massillon, Ohio."[1]

17) Defendant employed Plaintiffs and others similarly situated as non-exempt, hourly employees, including pickers, packers, and processing employees at its Massillon and Wooster, Ohio locations.

18) Plaintiff Miller was employed by Defendant from approximately May 2018 through November 2018.

19) Plaintiff Dingey was employed by Defendant from approximately November 2015 through December 2018 or January 2019.

20) Plaintiffs estimate approximately 150 or more similarly situated employees.

---

[1] https://www.shearers.com/about-shearers (last viewed 4/20/19).

**Unpaid Pre-shift Off-the-Clock Work, Resulting in Unpaid Overtime**

21) Plaintiffs and those similarly situated were required to clock in at the start of each scheduled shift and clock out at the end of each scheduled shift.

22) Plaintiffs and other similarly situated employees donned protective and sanitary gear such as hairnets, gloves, helmet, and safety glasses. It was required that hairnets be donned at Defendant's place of business.

23) Plaintiffs and those similarly situated were required to wash their hands at a designated hand-washing station before they began work each day. It was required that this activity takes place at Defendant's place of business.

24) Plaintiffs and other similarly situated employees were required to remove lint from their clothing using a Defendant-supplied lint roller. It was required that this activity takes place at Defendant's place of business.

25) The time that Plaintiffs and other similarly situated employees spent donning their personal protective equipment and sanitary gear such as hairnets, time spent washing their hands at the designated hand-washing station, time spent removing lint, and time spent in associated travel, was an integral and indispensable part of their principal activities, was required by Defendant, was required by certain laws concerning food processing, was performed for the Defendant's benefit in that it helped keep Defendant's facility safe and sanitary, and it helped promote a more safe and efficient manufacturing or packing process.

26) The foregoing activities was compensable work which occurred prior to clocking in; and was therefore, unpaid.

27) The amount of time Plaintiffs and other similarly situated employees spent on their unpaid work was routinely exceed seven (7) minutes, and upwards to 15 to 20 minutes, each day;

which resulted in approximately 35 minutes to 1 hour and 40 minutes or more of unpaid overtime per class member, per week.

### Unpaid Breaks of 20 Minutes or Less, Resulting in Unpaid Overtime

28) Plaintiffs and others similarly situated were required to clock out for all breaks, including rest breaks of 20 minutes or less; and upon information and belief, such time was unpaid.

29) The FLSA requires employers to pay employees for short rest breaks of about 20 minutes or less.

30) The unpaid time resulting from off-the-clock pre-shift work and unpaid rest breaks of 20 minutes or less is more than *de minimis*, and consistently resulted in underpayment to Plaintiff and those similarly situated over time.

31) Plaintiffs and other similarly situated employees, as full-time employees, regularly worked forty (40) or more hours in a workweek during the time relevant to this Complaint, starting three (3) years preceding its filing.

32) Plaintiffs and other similarly situated employees were not paid for all time worked.

33) As a result of Plaintiffs and other similarly situated employees not being paid for all hours worked; Plaintiffs and other similarly situated employees were not paid overtime compensation for all of the hours worked over forty (40) each workweek.

34) Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and the OMFWSA. For example, supervisors and managers knew of the unpaid compensable work as described herein.

35) Additionally, because this compensable work occurred off-the-clock, Defendant failed to make, keep, and preserve records of the required and unpaid work performed by Plaintiffs and other similarly situated employees.

36) Defendant's failure to pay Plaintiffs and those similarly situated for the activities described herein resulted in Plaintiffs and those similarly situated being denied overtime compensation.

**Defendant Failed to Produce All Documents in Accordance With
O.R.C. § 4111.14(G) and the Ohio Const. art. II, § 34a**

37) Pursuant to O.R.C. § 4111.14(G) and the Ohio Constitution, Ohio Const. art. II, § 34a, on or about January 29, 2019, Plaintiff Miller mailed a request for documents relating to Plaintiff Miller's employment, including but not limited to Plaintiff Miller's pay rate, hours worked each day and amounts paid to Plaintiff, to Defendant via regular U.S. mail with tracking number 7018 1830 0002 2212 9495.

38) Plaintiff Miller included a properly executed release with his request.

39) The US Postal service's website reflects that the mailing "was delivered at 12:03pm on February 1, 2019."

40) On or about April 1, 2019, Plaintiffs' counsel reached out to corporate counsel for Shearer's concerning the outstanding records request. Counsel conferred by phone and email, and on or about April 12, 2019, Shearer's counsel produced some, but not all records requested. For example, the records produced did not include the requested hours worked each day, or actual time punches from each day worked.

41) Accordingly, because the requested records were not fully produced and because more than thirty (30) business days have passed since Plaintiff's January 29, 2019 document request, Defendant is in violation of O.R.C. § 4111.14(G) and Ohio Const. art. II, § 34a.

42) Plaintiff Miller thereby files this Complaint in order to obtain records not produced; and is therefore entitled to attorneys' fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

43) Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this action on their own behalf and on behalf of other similarly situated employees who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

44) Plaintiffs seek to represent two collectives ("FLSA Collectives") for whom they also seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs are themselves members:

45) The first collective is composed of and defined as follows:

**All former and current hourly employees employed by Defendant who performed off-the-clock pre-shift work within three (3) years preceding the date of filing of this Complaint through the final disposition of this matter (the "FLSA OTC Collective");**

46) The second collective is composed of and defined as follows:

**All former and current hourly employees employed by Defendant who were not paid for short rest breaks of 20 minutes or less within three (3) years preceding the date of filing of this Complaint through the final disposition of this matter (the "FLSA Rest Break Collective").**

47) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

48) The similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively

7

adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

49) Plaintiffs further bring this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and on behalf of two classes ("Ohio Classes") of current or former employees employed by Defendant in Ohio within the last two (2) years.

50) The first Rule 23 class is composed and defined as:

> **All former and current hourly employees employed by Defendant who performed off-the-clock pre-shift work within two (2) years preceding the date of filing of this Complaint through the final disposition of this matter (the "Ohio OTC Class").**

51) The second Rule 23 class is composed and defined as:

> **All former and current hourly employees employed by Defendant who were not paid for short rest breaks of 20 minutes or less within two (2) years preceding the date of filing of this Complaint through the final disposition of this matter (the "Ohio Rest Break Class").**

52) The Ohio Classes are individually so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state the exact size of the potential Ohio Classes but, upon information and belief, aver that each consists of at least 30 or more employees during the relevant period.

53) There are questions of law or fact common to the Ohio OTC Class including: whether Defendant failed to pay its employees for their pre-shift activities and whether this practice resulted in the underpayment of overtime.

54) There are questions of law or fact common to the Ohio Rest Break Class including: whether Defendant failed to pay its employees for rest breaks of 20 minutes or less and whether this practice resulted in the underpayment of overtime.

55) Plaintiffs will adequately protect the interests of the Ohio Classes. Their interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Classes in this case.

56) The questions of law or fact that are common to the Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the classes listed above are common to each class as a whole and predominate over any questions affecting only individual class members.

57) Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Overtime Violations – FLSA OTC Collective)

58) Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

59) The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

60) Defendant violated the FLSA by having a company-wide policy requiring Plaintiffs and those similarly situated to preform off-the-clock pre-shift work activity, for which Defendant did not compensate Plaintiffs and those similarly situated.

9

61) Defendant further violated the FLSA with this company-wide policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

62) Defendant's company-wide practice and policy of not paying Plaintiffs and other similarly situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201 *et seq*, 29 C.F.R. § 785.24.

63) Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiffs and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201 *et seq*., 29 C.F.R. § 516.2(a)(7).

64) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

65) As a result of Defendant's practices and policies, Plaintiffs and the FLSA OTC Collective members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Overtime Violations – FLSA Rest Break Collective)

66) Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

67) The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

68) Defendant violated the FLSA by having a company-wide policy of not paying Plaintiffs and those similarly situated for rest breaks of 20 minutes or less.

69) Defendant further violated the FLSA with this company-wide policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

70) Defendant's company-wide practice and policy of not paying Plaintiffs and other similarly situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201 *et seq*, 29 C.F.R. § 785.24.

71) Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiffs and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201 *et seq*., 29 C.F.R. § 516.2(a)(7).

72) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

73) As a result of Defendant's practices and policies, Plaintiffs and the FLSA Rest Break Collective members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT THREE
### (Overtime Violations – Ohio OTC Class)

74) Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

75) Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C. §§ 207, 213, as amended. O.R.C. § 4111.03(A).

76) Defendant violated Ohio law by having a company-wide policy requiring Plaintiffs and those similarly situated to preform off-the-clock pre- shift work activity, for which Defendant did not compensate Plaintiffs and those similarly situated.

77) Defendant further violated Ohio law with this company-wide policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

78) Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and all overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated Ohio law.

79) Additionally, such unpaid overtime compensation remains unpaid in violation of O.R.C. § 4113.15.

80) Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiffs and other similarly situated employees violated Ohio law.

81) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of Ohio law.

82) As a result of Defendant's practices, Plaintiffs and the Ohio OTC Class members have been harmed in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

**COUNT FOUR**
**(Overtime Violations – Ohio Rest Break Class)**

83) Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

84) Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C. §§ 207, 213, as amended. O.R.C. § 4111.03(A).

85) Defendant violated the FLSA by having a company-wide policy of not paying Plaintiffs and those similarly situated for rest breaks of 20 minutes or less.

86) Defendant further violated Ohio law with this company-wide policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

87) Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and all overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated Ohio law.

88) Additionally, such unpaid overtime compensation remains unpaid in violation of O.R.C. § 4113.15.

89) Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiffs and other similarly situated employees violated Ohio law.

90) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of Ohio law.

91) As a result of Defendant's practices, Plaintiffs and the Ohio Rest Break Class members have been harmed in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

## COUNT FIVE
**(Individual Claim - Violation of O.R.C. § 4111.14(G) and Ohio Const. art. II, § 34a)**

92) On January 29, 2019, Plaintiff Miller mailed a request for documents relating to Plaintiff Miller's employment, including but not limited to his pay rate, hours worked each day and amounts paid to Plaintiff Miller, to Defendant via regular U.S. mail with tracking.

93) Plaintiff Miller included a properly execute release with his request.

94) At all times relevant to this Complaint, Defendant was Plaintiff Miller's "employer" as it is defined in O.R.C. § 4111.14 and Ohio Const. art. II, § 34a.

95) As Plaintiff Miller's employer, Defendant was required to maintain records relating to Plaintiff Miller's employment in accordance with Ohio law.

96) Under O.R.C. § 4111.14(G) and in accordance with the Ohio Constitution, Defendant was required to "provide such information without charge to an employee or person acting on behalf of an employee upon request . . . within thirty [30] business days."

97) Because no records concerning hours worked per day and/or punch times per day have been produced, and 30 business days have passed since the request, Defendant has violated O.R.C. § 4111.14 and Ohio Const. art. II, § 34a.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, and all similarly situated employees, collectively pray that this Honorable Court:

    A.    Conditionally certifies the FLSA Collectives pursuant to 29 U.S.C. § 216(b), and directs that Court-approved notice be issued to similarly situated employees informing them of this action and enabling them to opt-in;

    B.    Enter judgment against Defendant and in favor of Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Classes;

    C.    Award Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Classes actual damages for unpaid wages;

D.     Award Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Classes liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the class;

E.     Award Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Classes pre-judgment and post-judgment interest at the statutory rate;

F.     Direct Defendant to produce all documents pursuant to O.R.C. § 4111.14(G) at no cost to Plaintiffs, and Order the payment of attorneys fees and costs pursuant to O.R.C. § 4111.14(G) and Ohio Const. art. II, § 34a;

G.     Grant leave to Plaintiffs to amend this Complaint to add additional claims if such production warrants;

H.     Award Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Classes attorneys' fees, costs, and disbursements; and

I.     Award Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
       sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*

**JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
